116 F.3d 1482
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lester MARTIN, Plaintiff-Appellant,
v.
H. Christian DEBRUYN, et al., Defendants-Appellees.
 No. 96-2833.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 22, 1997*
Decided May 22, 1997.
 
 1
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division.
 
 
 2
 POSNER, C.C.J., CUMMINGS, and BAUER, C.J.
 
 ORDER
 
 3
 Lester Martin, incarcerated at the Indiana State Prison ("ISP"), appeals the district court's grant of summary judgment to appellees in his civil rights action. 42 U.S.C § 1983. Martin alleges that the delay he suffered in receiving medication for his ulcer constituted cruel and unusual punishment. We affirm.
 
 
 4
 On May 17, 1993, Indiana Department of Correction ("IDOC") Commissioner, H. Christian DeBruyn, issued an executive directive contemporaneously with a Health Care Services Directive issued by IDOC Director of Health Care Services, Dean Nietzke, which changed the method by which Indiana prisons dispense over-the-counter ("OTC") medications. These changes provided that beginning June
 
 
 5
 Westlaw Only 15, 1993, inmates would not be permitted to use "sick call" to obtain "[OTC] items used for cosmetic, general hygiene, general comfort, or convenience purposes." Instead, these items were to be purchased from the commissary at cost. The directives provided a list of medications that would be available at the commissary, which included antacid and acetaminophen. An exception provided that OTC medications would be provided free of cost by the IDOC if the medication was part of a necessary treatment regimen for a serious medical condition, or if the offender was an inpatient.
 
 
 6
 On June 15, 1993, Martin went on sick call and requested medication for his ulcers. Consistent with the directives effective that day, he was told that he would have to purchase antacid and acetaminophen from the commissary. On June 22, Dr. Jose LaBayo wrote a prescription for Martin that states, "[please] allow Mr. Martin to purchase Tylenol and antacid medication on commissary, Thanks." Martin informed his counselor, who then spoke with Dr. LaBayo and wrote a note to ISP Business Administrator Stu Miller, who was charged with overseeing the commissary. The counselor's note stated, "I talked to Dr. LaBayo on the phone & he wants Martin to get this A.S.A.P." The same day, Martin filled out a commissary order slip and the prescription cost was deducted from his prison account. Because Martin's prescription was processed as a routine order, he did not receive his medication until June 30, 1993, a normal delay which Martin alleges caused unnecessary suffering.
 
 
 7
 Martin filed a civil rights action under section 1983 of Title 42, seeking damages and injunctive relief against DeBruyn and nine officials of the ISP or IDOC. His complaint alleged that the pain he suffered during the delay in receiving his ulcer medication resulted from deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. Appellees filed a motion for summary judgment, which the district court granted.
 
 
 8
 We review a district court's grant of summary judgment de novo. Russo v. Health, Welfare & Pension Fund. Local 705, 984 F.2d 762, 765 (7th Cir.1993). Summary judgment is proper if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). We review the record in the light most favorable to the non-moving party. Pharma Bio, Inc. v. TNT Holland Motor Exp., Inc., 102 F.3d 914, 916 (7th Cir.1996). A genuine issue of fact is one on which a reasonable factfinder could find for the nonmoving party. Patel v. Allstate Ins. Co., 105 F.3d 365, 370 (7th Cir.1997).
 
 
 9
 Prison officials violate the Cruel and Unusual Punishment Clause of the Eighth Amendment when they are "deliberate[ly] indifferen[t] to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Such deliberate indifference is present only if the defendant "knows of and disregards an excessive risk to inmate health and safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Inadvertent failure to provide medical care or negligence in treatment do not constitute cruel and unusual punishment. Estelle, 429 U.S. at 105-06.
 
 
 10
 Appellees do not dispute that Martin had an ulcer, that he required the OTC medication as part of the treatment for his ulcer, and that his ulcer is a serious medical need. Martin does not contend that he was denied the needed medication because of his ability to pay for them. Rather, he argues that the delay he suffered in receiving the prescribed medication was due simply to deliberate indifference.
 
 
 11
 Section 1983 of Title 42 provides for a cause of action for damages " 'based upon personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.' " Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir.1986) (emphasis in original) (citation omitted). The note written from Dr. LaBayo to Miller is the only evidence in the record that could possibly implicate any of the defendants. Consequently, the question before us is whether Miller's processing of Martin's prescription as a routine order showed a deliberate indifference to his medical need.
 
 
 12
 Martin argues that the fact that Miller was notified of Dr. LaBayo's wishes that Martin was to receive the prescription as soon as possible, alone evidences a purposeful delay in providing the needed medication. Miller attested that
 
 
 13
 [t]he policy relating to over-the-counter medications in June of 1993 is essentially the same as the policy in effect at the present time. If an offender has a serious medical condition that warrants an over-the-counter medication, then the doctor would normally prescribe the medication. On the other hand, when an offender places an over-the-counter medication on his commissary order, it is considered by the Business Office as an ordinary and routine order, and processed in the normal fashion.
 
 
 14
 When Martin went on sick call on June 15, 1993, and was told that he would have to purchase antacid and acetaminophen at the commissary, it is not clear from the record why he did not immediately do so. Why he did not obtain the prescription from Dr. LaBoyo for another week is also not clear from the record. Furthermore, it is not apparent why Martin's prescription was submitted to the commissary or why he was required to pay for the medication, both apparently contrary to policy.
 
 
 15
 Be that as it may, there is no evidence that Miller knew that Martin had an ulcer or that the prescription was for medication to treat the ulcer. The note to Miller that Dr. LaBayo "wants Martin to get this [prescription] A.S.A.P." did not place Miller on notice of the nature or seriousness of Martin's medical condition. Thus, no reasonable factfinder could conclude that Miller disregarded Martin's ulcer and accompanying pain when Martin's commissary order for Tylenoln and antacid were processed in a routine manner.
 
 
 16
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)